

# The Attorney General of Texas

April 3, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Randall L. Sherrod
Criminal District Attorney
Randall County
Canyon, Texas 79015

Opinion No. MW-159

Re: Duties of the county surveyor.

Dear Mr. Sherrod:

You have requested an opinion concerning the duties of the county surveyor in Randall County. You have asked whether the county commissioners may hire persons other than the county surveyor for the purpose of conducting surveys required for the improvement of county roads.

The Texas Constitution provides for a county surveyor:

> The Legislature shall prescribe the duties and provide for the election by the qualified voters of each county in this State of a County Treasurer and a County Surveyor, who shall have an office at the county seat, and hold their office for four years, and until their successors are qualified; and shall have such compensation as may be provided by law.

Tex. Const. art. XVI, § 44 (Emphasis added).

The Natural Resources Code provides the powers and duties of the surveyor as follows:

> The county surveyor shall perform the duties required of him by law.

Sec. 23.051.

> The county surveyor shall:
> (1) receive and examine all field notes of surveys made in the county on which patents are to be obtained;
> (2) certify to the same according to law; and
> (3) record the field notes in a book to be kept by him for that purpose.

Sec. 23.052.

> (a) The commissioners court shall furnish the county surveyor all necessary books of record.
> (b) The county surveyor shall record in a well-bound book all the surveys in his county, with the plats that he may make, whether private or official

Sec. 23.053. Subsequent sections provide for a right of inspection of the surveyor's papers, section 23.054, the keeping of bound records, section 23.055, provisions for lost records, section 23.056, custody of records by the county clerk in the absence of a county surveyor, section 23.057, delivery of records to successor, section 23.058, and liability for the failure to survey, section 23.059.

Nowhere in the above statute does it require that surveys incidental to the improvements of county roads be conducted by the county surveyor, which in many counties is an unsalaried position. Cf. Attorney General Opinion O-3416 (1941) (county commissioners may employ county surveyor or private surveyor for a survey of common school district); see generally O-6224 (1944) (duties of county surveyor do not permit entry on private property without consent of land owner). The commissioners court has authority to enter into contracts to improve roads. V.T.C.S. art. 6753. We believe it may employ someone other than the county surveyor to make necessary surveys so long as the individual has the appropriate qualifications and license. See Nat. Resources Code, § 21.001. V.T.C.S. arts. 5282c (Land Surveying Practices Act of 1979); 3271a, § 19 (Texas Engineering Practicing Act); 6706, 6776.

## SUMMARY

A county commissioners court is not required to use the services of the county surveyor in the improvement of county roads.

Very truly yours,

MARK  WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by David B. Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
David B. Brooks
Walter Davis
Susan Garrison
Rick Gilpin